IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTRELLA TENORIO,

       Plaintiff,

v.                                                           15cv349 LF/WPL

SAN MIGUEL COUNTY DETENTION CENTER,
BOARD OF COMMISSIONERS OF SAN MIGUEL
COUNTY, WARDEN PATRICK SNEDEKER,
in his individual and official capacities, ANTONIO
PADILLA, ELFIGO SANDOVAL, JOEY ROMERO,
and MATTHEW BORREGO, in their individual capacities,
HEALTHCARE PARTNERS, INC., and RITA TORRES,

       Defendants.

## ORDER STAYING DISCOVERY

Plaintiff Estrella Tenorio brought multiple claims against Defendants following an alleged handcuffing incident in May 2013 in and around the master control room of the San Miguel County Detention Center ("SMCDC") in Las Vegas, New Mexico. (*See* Doc. 1.) The complaint includes a claim pursuant to 42 U.S.C. § 1983 for violations of Tenorio's First and Fourteenth Amendments rights. Tenorio alleges that she was an employee of Healthcare Partners, Inc., and assigned to do contract work at SMCDC as a medical technician, when correctional officers forcibly handcuffed her to a chair, released her, handcuffed her to a toilet, released her, handcuffed to a chair again, and then finally released her. She also claims that she was compelled to resign after her supervisors learned of the incident and made her working conditions intolerable.

1

Defendants SMCDC, Board of Commissioners of San Miguel County, Warden Patrick Snedeker, and Antonio Padilla (collectively referred to as "County Defendants") filed a Motion to Dismiss Plaintiff's Complaint, In Part, Based on Qualified Immunity. (Doc 65.) They also filed a Motion to Stay Discovery pending a ruling on the qualified immunity motion. (Doc. 66.) Tenorio responded (Doc. 77), and County Defendants filed a reply (Doc. 80).

It is well settled that a qualified immunity defense "protects the official both from liability as well as from the ordinary burdens of litigation, including far-ranging discovery." *Workman v. Jordan*, 958 F.2d 332, 335 (10th Cir. 1992) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)). The Supreme Court has repeatedly emphasized the importance of resolving the issue of qualified immunity early on in the litigation. *Scott v. Harris*, 550 U.S. 372, 376 n.2 (2007) (citing *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (per curiam)). The Court later clarified that the defense of qualified immunity does not create immunity from all discovery, but only from "broad-reaching discovery," and it recognized that "limited discovery may sometimes be necessary before the district court can resolve a motion for summary judgment based on qualified immunity." *Crawford-El v. Britton*, 523 U.S. 574, 593 n.14 (1998) (quotation omitted). Unlike a motion for summary judgment, a motion to dismiss tests the legal sufficiency of a complaint and requires no additional discovery. *See Ashcroft v. Iqbal*, 556 U.S. 662, 674-75 (2009).

Whether an official is entitled to qualified immunity turns on whether his conduct violated clearly established statutory or constitutional rights of which a reasonable official would have been aware. *Harlow*, 457 U.S. at 818; *see also Plumhoff v. Rickard*, --- U.S. ---, 134 S. Ct. 2012, 2023 (2014) (reaffirming that officials acting in discretionary capacities are generally

entitled to qualified immunity unless their conduct violates clearly established law). Therefore, qualified immunity depends on the objective reasonableness of the official's conduct. *Harlow*, 457 U.S. at 818. Standard practice in this District is to stay discovery—as to all defendants—when the defense of qualified immunity has been raised. *See Workman*, 958 F.2d at 336; *see also Herrera v. Santa Fe Pub. Schs.*, No. CIV 11-0422 JB/KBM, 2012 WL 6846393, at *10 (D.N.M. Dec. 20, 2012) (unpublished).

In her response, Tenorio argues that a stay of discovery is improper for two reasons. First, County Defendants filed their motion for stay after receiving discovery from Tenorio but providing no discovery in return, which "smacks of gamesmanship." (Doc. 77 at 4.) And second, "County Defendants' motion to dismiss, purportedly based on qualified immunity, does not, at any point, raise the actual defense of qualified immunity." (*Id.*) "Instead, [County Defendants'] motion argues an issue of fact – asserting that Plaintiff was not an employee of the County Defendants – and alternatively argues that the factual allegations are too vague and general to support a claim." (*Id.* at 7.) County Defendants reply that Tenorio can file a Rule 56(d) affidavit if she needs additional facts to respond to their motion, and that their motion did in fact raise a qualified immunity argument because it "argued there is no clearly established law that County Defendants violated Plaintiff's constitutional rights under Title VII or 42 U.S.C. § 1983." (Doc. 80 at 2.)

Tenorio's arguments against granting the stay fail because "the law is well established that discovery should be stayed until the Court decides the qualified immunity issue," *Herrera*, 2012 WL 6846393, at *10, and she offers no case support to suggest otherwise under these circumstances. That is, Tenorio cites no cases discussing the improper timing of a defendant's

3

motion to stay or the relationship between a motion to stay and a defendant's pleading burden under Rule 12(b)(6) when raising the defense of qualified immunity.

Moreover, other factors weigh in favor of granting the stay here, including that Tenorio has not conclusively shown that County Defendants' motion to dismiss is unfounded in law, Tenorio has not demonstrated that she would be prejudiced by a stay pending resolution of the 12(b)(6) motion, which assumes her recitation of the facts and tests the sufficiency of her pleadings, and that adjudication of the pending motion might obviate the need for burdensome discovery, including the discovery request she served on County Defendants on December 28, 2015. (*See* Doc. 77 at 1-2 ("On December 28, 2015, Plaintiff served written discovery on the County Defendants . . . including fourteen (14) interrogatories, twenty-five (25) requests for production, and five (5) requests for admission. [Doc. 54].").)

Accordingly, County Defendants' Motion to Stay Discovery (Doc. 66) is granted. Discovery in this case shall be stayed, as to all defendants, pending resolution of County Defendants' Motion to Dismiss Plaintiff's Complaint, In Part, Based on Qualified Immunity (Doc. 65) or until further order of the Court. In addition, the three pending discovery-related motions—County Defendants' Motion for Protective Order and Notice of Non-Appearance (Doc. 67), Sandoval's Motion for Protective Order and Notice of Non-Appearance (Doc. 68), and Torres's Motion for Protective Order and Notice of Non-Appearance (Doc. 70)—are denied as moot at this time. The respective parties may refile their motions if discovery is reopened and the issues underlying the motions remain.

IT IS SO ORDERED.

                                                                     */s/ William P. Lynch*
                                                                     William P. Lynch
                                                                     United States Magistrate Judge