**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ESTRELLA TENORIO,

    Plaintiff,

v.                                                                                          Case No. 1:15-cv-00349 LF-JHR

SAN MIGUEL COUNTY DETENTION CENTER,
BOARD OF COMMISSIONERS OF
SAN MIGUEL COUNTY, WARDEN PATRICK
SNEDEKER, in his individual and official capacities,
ANTONIO PADILLA, ELFIGO SANDOVAL,
JOEY ROMERO, and MATTHEW BORREGO,
in their individual capacities, HEALTH CARE PARTNERS
FOUNDATION, INC., and RITA TORRES,

    Defendants.

## PLAINTIFF'S MOTION TO ENFORCE JUDGMENT

COMES NOW Plaintiff Estrella Tenorio, through undersigned counsel, and hereby moves this Court for an order enforcing the Judgment on Jury Verdict [Doc. 346] entered on September 30, 2018, in favor of Plaintiff and against Defendants Board of Commissioners of San Miguel County, Elfigo Sandoval, Joey Romero, and Mathew Borrego.

## BACKGROUND

The case proceeded to trial by jury on September 24, 2018 through September 28, 2018. The issues were duly tried and the jury rendered its verdict on September 28, 2018 on Plaintiff's Fourth Amendment claims, her *Monell* claim against the Board of Commissioners of San Miguel County, and her state tort claims against the individual detention officers for assault, battery, and false imprisonment. The jury awarded compensatory damages in the amount of $50,000 against Defendants Romero, Borrego, Sandoval and the Board of County Commissioners, and awarded punitive damages against Defendant Romero for $33,000, Defendant Borrego for $33,000, and

against Defendant Sandoval for $34,000. This Court entered the Judgment on Jury Verdict on September 30, 2018. *See* Doc. 346.

The deadline for Defendants to file a motion for a new trial, a renewed motion for judgment as a matter of law, and the time to file a notice of appeal have all passed. *See* Fed. R. Civ. P. 50; Fed. R. App. P. 4(a)(1)(A). Defendants have filed none of the above. Under Rule 62 of the Federal Rules of Civil Procedure, there is an automatic stay on execution of judgment until 14 days have passed after its entry. *See* Fed. R. Civ. P. 62(a). The stay lifted on October 14, 2018. Despite this, Defendants have not paid the judgment against them.

In reaching out to counsel for the Board of Commissioners of San Miguel County on the status of payment, counsel indicated that payment would only be made directly to the Plaintiff and refused to issue payment to the trust account of Plaintiff's attorneys.

## LEGAL ARGUMENT

The judgment against Defendants should be enforced and Defendants should be required to pay that judgment plus any interest owed. The payment should be made out to Plaintiff's attorneys' trust account for Plaintiff, as per Plaintiff's request, through her counsel.

Under 42 U.S.C. § 1988, a prevailing party in a 42 U.S.C. § 1983 action may recover reasonable attorneys' fees. 42 U.S.C. § 1988. Plaintiff intends to file a motion for attorneys' fees and costs before the November 30, 2018 deadline set by this Court. *See* Order Granting Plaintiff's Unopposed Motion to Extend Deadline to File Petition for Attorney's Fees and Costs [Doc. 352]. This does not, however, negate the Defendants' obligation to pay the judgment entered against them.

In *Venegas v. Mitchell*, 495 U.S. 82 (1990), the Supreme Court explained that it has "never held that § 1988 constrains the freedom of the civil rights plaintiff to become contractually and

personally bound to pay an attorney a percentage of the recovery, if any, even though such a fee is larger than the statutory fee that the defendant must pay to the plaintiff." *Id.* at 87. The Supreme Court clarified that

> § 1988 controls what the losing defendant must pay, not what the prevailing plaintiff must pay his lawyer. What a plaintiff may be bound to pay and what an attorney is free to collect under a fee agreement are not necessarily measured by the 'reasonable attorney's fee' that a defendant must pay pursuant to a court order. Section 1988 itself does not interfere with the enforceability of a contingent-fee contract.

*Id.* at 90. The judgment and the entitlement to a § 1988 award belong to the Plaintiff. *Id.* at 89. This does not, however, preclude Plaintiff from entering into separate contractual liability with her attorneys. *See, e.g.*, *id.* ("[N]either *Blanchard* nor any other of our cases has indicated that § 1988, by its own force, protects plaintiffs from having to pay what they have contracted to pay[.]"). Plaintiff's contractual obligation is a matter to be resolved among Plaintiff and her counsel. In this case, the Plaintiff asks that the payment of the judgment be made to her by check payable to her counsel's trust account.

On September 30, 2018, this Court ordered that Plaintiff shall recover compensatory and punitive damages from Defendants, entering final judgment in her favor and against Defendants Board of Commissioners of San Miguel County, Elfigo Sandoval, Joey Romero, and Mathew Borrego. A money judgment is enforced by a writ of execution, unless the Court directs otherwise. Fed. R. Civ. P. 69(a)(1).  Section 41-4-4(C) of the Tort Claims Act states:

> A governmental entity shall pay any award for punitive or exemplary damages awarded against a public employee under the substantive law of a jurisdiction other than New

Mexico, including other states, territories and possessions and the United States of America, if the public employee was acting within the scope of his duty.

NMSA 1978, § 41-4-4(C). This section of the Tort Claims Act applies to civil rights claims: "We also observe that Section 41-4-4(C) provides coverage for 'punitive or exemplary damages' for civil rights cases when the public employee acts within the scope of duty." *Risk Management Div., Dept. of Finance and Administration v. McBrayer*, 2000-NMCA-104, n.2, 129 N.M. 778.

The NMTCA is explicit that the governmental entity shall pay the final judgment, including punitive damages for these claims. As such, the Board of Commissioners of San Miguel County is required to pay the judgment and should be ordered to do so in full, directing payment to the Rothstein Donatelli Trust Account, so that counsel may disburse the Plaintiff client's funds per her agreement with her counsel. This is no different than a settlement check being made payable to a Plaintiff's attorney's trust account. Refusing to pay the Judgment based on a refusal to issue the check in accord with this request is not in good faith.

## CONCLUSION

Wherefore, Plaintiff respectfully requests this Court enter an order issuing a writ of execution or such other relief as this Court deems necessary to enforce the judgment against Defendants Board of Commissioners of San Miguel County, Elfigo Sandoval, Joey Romero, and Mathew Borrego.

Respectfully submitted,

ROTHSTEIN DONATELLI LLP

*/s/ Cammie Nichols 11/20/18*
CAROLYN M. "CAMMIE" NICHOLS
CAROLINE "KC" MANIERRE
500 4th Street NW, Suite 400
Albuquerque, NM 87102
(505) 243-1443
cmnichols@rothsteinlaw.com
cmanierre@rothsteinlaw.com

*Attorneys for Plaintiff Estrella Tenorio*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 20th day of November, 2018, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing.

Carlos M. Quiñones
1532 B Paseo de Peralta
Santa Fe, NM 87501
quinoneslaw@cybermesa.com
*Attorney for Defendants Elfigo Sandoval,*
*Joey Romero and Matthew Borrego*

James P. Sullivan
Christina L. G. Brennan
128 E de Vargas Street
Santa Fe, New Mexico 87501
jamie@brennsull.com
christina@brennsull.com
*Attorneys for Defendants San Miguel County Detention*
*Center, Board of Commissioners of San Miguel County,*
*Warden Patrick Snedeker and Antonio Padilla*

*/s/ Cammie Nichols 11/20/18*
ROTHSTEIN DONATELLI LLP