IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ESTRELLA TENORIO,

     **Plaintiff,**

v.                          **Case No. 15-CV-349 LF/JHR**

BOARD OF COMMISSIONERS OF
SAN MIGUEL COUNTY, ELFIGO SANDOVAL,
JOEY ROMERO, and MATTHEW BORREGO,
in their individual capacities,

     **Defendants.**

## DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION TO ENFORCE

**COME NOW** Defendants, San Miguel County, Elfigo Sandoval, Joey Romero, and Matthew Borrego, by and through their attorneys of record, Brennan & Sullivan, P.A., and Carlos Quinones, Esq., provide the following joint Response to Plaintiff's Motion to Enforce:

### I.     ARGUMENT

In Plaintiff's motion, she makes three requests.  First, she requests that Defendants pay the judgment from the September 28, 2018 verdict.  Next, she requests that such payment be made directly to the Rothstein Firm.  Finally, she states that interest should be awarded. Defendants will address each of these issues separately.

#### 1.   P AYMENT OF THE JUDGMENT

Defendants have no quarrel paying the judgment.  In fact, on October 12, 2018, a mere two weeks after the judgment was entered, defense counsel contacted Plaintiff's counsel for information needed provide the full judgment to Plaintiff Tenorio.  *See* E-mail from C. Brennan

to C. Nichols, Oct. 12, 2018, **Ex. A**.  Rather than provide the information such that payment

could be processed, counsel for Plaintiff insisted that the judgment be paid directly to the firm

rather than to Ms. Tenorio.   This is the crux of the dispute between the parties.

### 2.  PAYMENT OUGHT TO BE MADE TO MS. TENORIO, NOT TO THE ROTHSTEIN FIRM.

Award of damages and fees under 42 U.S.C. §1983 and §1988 belong to the party, not

the party's attorney.  Section 1983 provides that the person depriving another person of their

rights "shall be liable to the party injured in an action at law." 42 U.S.C. § 1983; *see also Newton*

*v. Rumery,* 480 U.S. 386, 395 (1987) (plurality opinion) (A cause of action under § 1983 belongs

to the injured individual).  It stands to reason, therefore, that the payment of the judgment ought

to be remitted to Ms. Tenorio as the injured party, rather than a law firm.

The opinion of *Venegas v. Mitchell,* 495 U.S. 82 (1990) supports Defendants'

proposition.  As explained in the opinion, the *Venegas* dispute arose out of a § 1983 action by the

petitioner for false arrest and related civil rights claims.  *Id*. at 83.  The district court originally

dismissed the § 1983 claim but the Tenth Circuit reversed, reinstating the case.  *Id*.  The

petitioner entered into a contingency fee contract with an attorney. *Id*. at 84.  At trial, the

petitioner won a judgment in his favor of over $2 million and $117,000 of attorneys' fees were

awarded under § 1988.  *Id*. at 85.  There was then a dispute between the petitioner and the

attorneys' as to what amount of money the petitioner was obliged to pay the attorney.  *Id.*

While the *Venegas* opinion recognized that a § 1983 plaintiff may assign part of their

recovery to an attorney, it was the *plaintiff*, the *injured individual*, who had the ability and right

to assign their recovery.  *Id*. at 88.  It was not the attorney of the plaintiff who did so.  The

Supreme Court reasoned, "In sum, § 1983 controls what the losing defendant must pay, not what

the prevailing plaintiff must pay his lawyer." *Id.* at 90. Accordingly, it stands to reason that the payment of the judgment would go to Ms. Tenorio and, from there, Ms. Tenorio may pay the Rothstein firm what they are owed pursuant to whatever agreement they may have had.

**3. PLAINTIFF IS NOT ENTITLED TO POST-JUDGMENT INTEREST.**

Finally, Plaintiff states that she is entitled to post-judgment interest.  She does not provide any legal support or argumentation to support this statement, but the attached exhibits show that Defendants have been attempting to pay the judgment since October 12, 2018.  *See* **Ex. A**. Plaintiff's counsel refused to provide a current mailing address for Ms. Tenorio and instructed that the payment should be made to the Rothstein firm.  *See* correspondence C. Nichols, Oct. 16, 2018, attached hereto as **Ex. B.** Defense counsel then asked whether there was any law to support that the judgment is paid to the firm. *See* correspondence C. Brennan, Oct. 22, 2018, attached hereto as **Ex. C**  None was received, despite defense counsel's correspondence referencing the *Venegas* case and the statutory language.  *See* correspondence from C. Nichols, Oct. 29, 2018, attached hereto as **Ex. D**; correspondence from C. Brennan, Oct. 29, 2018, attached hereto as **Ex. E**.

Whatever the Court's ultimate decision as to where the payment of the judgment should be made, Defendants have been trying to resolve this dispute without the necessity of costly motions practice.  Defendants ought not be penalized for attempting to pay the judgment in a timely manner by paying post-judgment interest.

## II.     CONCLUSION

As explained above, the statute and parallel case law suggests if not mandates that the judgment is paid to Ms. Tenorio, rather than the Rothstein law firm.  Of course, the Defendants will comply with whatever they are ordered to do by the Court; however, post-judgment interest is not warranted as Defendants have been attempting to pay the judgment since October 12, 2018.

Respectfully submitted,

BRENNAN & SULLIVAN, P.A.


By:     _____
        Christina L. G. Brennan
        James P. Sullivan
        128 East DeVargas
        Santa Fe, New Mexico 87501
        (505) 995-8514
        *Attorneys for Defendants Board of Commissioners of San Miguel County*


By:     *Approved 11/27/18 via email_____*
        Carlos M. Quinones, Esq.
        1532 B. Paseo de Peralta
        Santa Fe, NM  87501
        (505) 992-1515
        quinoneslaw@cybermesa.com
        *Attorney for Defendant Elfigo Sandoval, Joey Romero and Matthew Borrego*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 3rd day of December, 2018, I filed the foregoing

electronically through the CM/ECF system, which caused the following parties or counsel to be

served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Carolyn M. Nichols
Rothstein, Donatelli, LLP
500 4th Street, NW
Albuquerque, NM  87102
(505) 243-1443
(505) 242-7845 FAX
cmnichols@rothsteinlaw.com
        and
Caroline "KC" Manierre
Rothstein, Donatelli, LLP
1215 Paseo de Peralta
Post Office Box 8180
Santa Fe, NM  87504—8180
cmanierre@rothsteinlaw.com
*Attorneys for Plaintiff*

Carlos M. Quinones, Esq.
1532 B. Paseo de Peralta
Santa Fe, NM  87501
(505) 992-1515
quinoneslaw@cybermesa.com
*Attorney for Defendant Elfigo Sandoval,*
*Joey Romero and Matthew Borrego*


By:   _____
        Christina L. G. Brennan