IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ESTRELLA TENORIO,

        Plaintiff,

v.                                                        1:15-cv-00349-LF-JHR

SAN MIGUEL COUNTY DETENTION CENTER,
BOARD OF COMMISSIONERS OF
SAN MIGUEL COUNTY, WARDEN PATRICK
SNEDEKER, in his individual and official capacities,
ANTONIO PADILLA, ELFIGO SANDOVAL,
JOEY ROMERO, and MATTHEW BORREGO,
in their individual capacities,

        Defendants.

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR AN AWARD OF ATTORNEYS' FEES, COSTS, AND EXPENSES**

THIS MATTER comes before the Court on Plaintiff's Motion for an Award of Attorneys' Fees, Costs, and Expenses, filed December 19, 2018. Doc. 363. This matter also comes before the Court on Plaintiff's Supplement to Motion for an Award of Attorneys' Fees, Costs, and Expenses, filed on December 20, 2018. Doc. 365. Defendants filed their response in opposition to plaintiff's motion on February 20, 2019. Doc. 371. Plaintiff filed her reply on March 6, 2019. Doc. 372. Plaintiff filed a supplement to her reply on March 7, 2019. Doc. 373. The Court held a hearing on the motion on May 30, 2019. Doc. 377. Having read the parties' briefing and heard the argument of counsel, and for the reasons stated below and at the hearing, the Court finds that the motion is well taken in part and will GRANT it in part and DENY it in part.

**I.    Background Facts and Procedural Posture**

This case arises out of an incident that took place in the San Miguel County Detention Center on May 12, 2013. Plaintiff Estrella Tenorio alleged that detention officer defendants

Elfigo Sandoval, Joey Romero, and Matthew Borrego violated her Fourth Amendment rights by unlawfully seizing her and using excessive force against her. Ms. Tenorio further alleged that this constitutional violation resulted from the official policy or custom of the defendant Board of County Commissioners of San Miguel County (the "County"). In her First Amended Complaint, Ms. Tenorio brought seven causes of action against defendants. Doc. 128. The Court dismissed some of Ms. Tenorio's claims, *see* Docs. 156, 250, 264, and Ms. Tenorio settled her claims against defendants Health Care Partners Foundation, Inc. ("HCP"), and Rita Torres before trial. Doc. 229, 258.

This case went to trial on civil rights and intentional tort claims against individual officers Elfigo Sandoval, Joey Romero, Matthew Borrego, and a municipal liability claim against the County. *See* Doc. 347. The jury found in favor of Ms. Tenorio on all claims that went to the jury[1] and awarded her a total of $150,000.00 in compensatory and punitive damages. Doc. 334. On September 30, 2018, this Court entered a final judgment in favor of Ms. Tenorio. Doc. 346. As the prevailing party, Ms. Tenorio seeks attorneys' fees and costs from the County pursuant to 42 U.S.C. § 1988. Specifically, Ms. Tenorio requests a total of $600,841.47 in attorneys' fees (*see* Docs. 363-4 at 180, 365, 365-1, 373-1 at 6),[2] a total of $20,980.10 in costs

---

[1] The Court granted some of the defendants' motions under FED. R. CIV. P. 50 before the case was submitted to the jury. *See* Doc. 347 at 9.

[2] The parties often combine attorneys' fees with costs in their filings. I, however, will separate fees and costs for the purposes of this order. Ms. Tenorio requested $575,845.97 in attorneys' fees in her original motion. Doc. 363-4 at 180. In her supplemental motion, she requested an additional $13,582.50 in fees. Docs. 365 at 2, 365-1 at 2. In the supplement to her reply, she requested an additional $11,413.00 in fees. Doc. 373-1 at 6. Thus, the total attorney's fees requested, excluding costs, is $600,841.47.

2

(*see* Docs. 363 at 23, 373 at 2, 373-1 at 7),[3] plus 7.875% in gross receipts taxes[4] on both the attorneys' fees and costs in the amount of $48,968.45 (Doc. 373 at 2), for a grand total of $670,790.02 (Doc. 373 at 2).

## II.    Discussion

Section 1988 provides that, in certain civil rights actions, including those brought under 42 U.S.C. § 1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. §1988(b). In addition to attorney's fees, the prevailing party in a civil rights action is normally entitled to costs under 28 U.S.C. § 1920. *Case v. Unified Sch. Dist. No. 233, Johnson Cty., Kan.*, 157 F.3d 1243, 1249 (10th Cir. 1998). "A plaintiff who succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit is a prevailing party." *Id*. (internal quotation marks and citation omitted) (alteration in original). "[A] prevailing plaintiff should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983) (internal quotation marks and citation omitted). Defendants do not dispute that plaintiff was a prevailing party on the claims that went to the jury, nor do defendants contend that an award of attorneys' fees would be unjust. Rather, defendants challenge the reasonableness of the requested award.

---

[3] Ms. Tenorio originally requested $21,031.55 in costs. Doc. 363 at 23. She requested an additional $221.77 in costs in the supplement to her reply, but she also reduced her cost request by $273.22 for a mistake she had made in her original cost request. *See* Docs. 373 at 2, 373-1 at 7. Thus, the total costs she requests are $20,980.10.

[4] Defendants do not contest the award of gross receipts taxes on the award of attorney's fees and costs, which routinely are permitted. *See Olivo v. Crawford Chevrolet Inc.*, 526 F. App'x 852, 856 (10th Cir. 2013) (unpublished) ("The New Mexico Gross Receipts Tax is required by state law and may be included as part of plaintiffs' attorney's fee award.").

A. Attorneys' Fees

"To determine the reasonableness of a fee request, a court must begin by calculating the so-called 'lodestar amount' of a fee, and a claimant is entitled to the presumption that this lodestar amount reflects a 'reasonable' fee." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). "The lodestar calculation is the product of the number of attorney hours 'reasonably expended' and a 'reasonable hourly rate.'" *Id*. Counsel for the party claiming the fees has the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Case*, 157 F.3d at 1249−50. The Court must examine the records to determine whether specific tasks are properly chargeable and whether the hours expended on each chargeable task are reasonable. *Id*. at 1250. "The prevailing party must make a good-faith effort to exclude from a fee request, hours that are excessive, redundant, or otherwise unnecessary." *Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995) (internal quotation marks and citation omitted). Moreover, the hourly rates requested by counsel must reflect the prevailing market rates in the community. *Id*. Finally, certain factors may cause the court to adjust a fee upward or downward, "including the important factor of the 'results obtained.'" *Hensley*, 461 U.S. at 434.

In her motion, plaintiff requests attorney's fees in the amount of $575,845.97. Doc. 363-4 at 180. Plaintiff's supplemental motion requests an additional $13,582.50 for "time and costs related to time spent on research, preparation, drafting and finalizing the motion for attorneys' fees." Doc. 365 at 2. Plaintiff's supplement to her reply requests fees in the amount of $11,413.00 for "time spent working on items since the filing of the Motion." Docs. 373 at 1, 373-1 at 6. Defendants do not contest the hourly rates claimed by plaintiff's counsel. Doc. 371 at 6. Instead, defendants contend that plaintiff's request for fees for the number of

4

hours worked are excessive and should be reduced by 40%. *Id*. The Court agrees with defendants that plaintiff's attorneys' fees should be reduced, but not to the extent requested by defendants.

The Court will reduce plaintiffs requested fees for several reasons. First, the limited success obtained by plaintiff warrants a reduction in attorney's fees. *See Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223, 1230−31 (10th Cir. 2001) (analyzing the difference between the relief a plaintiff sought and the relief a plaintiff recovered in determining the reasonableness of attorney's fees). In this case, there was a substantial difference between the amount sought and the amount of the judgment. As defendants point out. plaintiff recovered less than 4% of what she sought at trial, and 13% of her lowest settlement demand prior to trial. Doc. 371 at 7.

Further, only a portion of the claims asserted by plaintiff in her amended complaint merited presentation to the jury. Plaintiff asserted seven claims in her amended complaint. Doc. 128. Of those seven claims, only her Fourth Amendment claims, and her intentional tort claims against the three individual detention officers went to the jury. Plaintiff's claims against defendants HCP and Rita Torres were settled (Doc. 229), and plaintiff's other claims were dismissed. *See* Docs. 250, 264. Attorney time and fees that were expended on claims solely related to defendants HCP and Rita Torres should not be assessed against the County. Moreover, although many of plaintiff's claims were intertwined, plaintiff was not the prevailing party with regard to the claims that were dismissed by the Court. Nevertheless, plaintiff's Fourth Amendment case served a public purpose by affirming an important right and encouraging attorneys to represent civil rights litigants, and the fee award reflects this. *See Barber*, 254 F.3d at 1231 (viewing the public purpose served by a civil rights plaintiff in broad terms and recognizing that courts have concluded "that a public goal is accomplished if the

5

plaintiff's victory encourages attorneys to represent civil rights litigants and affirms an important right, and/or provokes a change in the defendant's conduct").

A court may, in its discretion, reduce the lodestar amount of attorney's fees if it determines the number of hours claimed are duplicative, unproductive, excessive, or otherwise unnecessary. *Case*, 157 F.3d at 1250. Because identifying hours reasonably expended by reviewing each billing entry would be practically impossible in this case—plaintiff's counsel submitted 180 pages of billing records (Doc. 363-4)—the court will make a general reduction of the hours claimed. "[A] general reduction of hours claimed in order to achieve what the court determines to be a reasonable number is not an erroneous method, so long as there is sufficient reason for its use." *Case*, 157 F.3d at 1250.

Recognizing that at least a portion of the attorney's fees claimed may be excessive or duplicative, plaintiff has reduced her requested award from the lodestar amount by 10%. For the reasons stated above and at the hearing, the Court will further reduce the total amount of hours requested by 25%. Accordingly, the Court will award plaintiff $450,631.10 for attorneys' fees.

B. Costs

For items not reimbursable as attorney's fees under 42 U.S.C. § 1988, the general costs statute, 28 U.S.C. §1920, is controlling. Section 1920 allows certain costs, including fees of the clerk, fees for recorded transcripts necessarily obtained for use in the case, fees for witnesses, compensation for court appointed experts and interpreters, docket fees, and fees to cover the costs of making copies of any materials where the copies are necessarily obtained for use in the case. 28 U.S.C. § 1920. This district's local rules provide a similar list of items that are taxable costs, including transcripts, deposition costs, witness costs, expert witness fees,

interpreter and translator fees, copies of papers, and costs for maps, charts, models, photographs, summaries, computations and statistical summaries. D.N.M.LR-Civ. 54.2(a)–(f). Defendants only challenge certain costs requested by plaintiff, and the Court will address each contested cost individually.

1. Computer-Assisted Research

Defendants challenge plaintiff's request for computer-assisted legal research because plaintiff's counsel does not specify what the legal research consisted of or what was researched. Doc. 371 at 16. Nevertheless, defendants acknowledge that plaintiff discounted the subtotal in legal research costs by 50%. *Id*. (citing Doc. 363 at 2).[5] The Court agrees that 50% is a reasonable discount and will award plaintiff 50% of her costs for computer-assisted legal research. *See Case*, 157 F.3d at 1258 (affirming award of one half of electronic research expenses when court was unable to separate research related to prevailing claims from other research).

2. Travel Charges for Deposition in Phoenix

Defendants challenge travel costs to attend the deposition of defendant Elfigo Sandoval in Phoenix for both plaintiff and two of her attorneys. Doc. 371 at 17. I will discount the travel expenses to the extent plaintiff is charging for two attorneys and herself. I find that one attorney traveling to attend the deposition is reasonable and necessary.

Plaintiff and two of her attorneys, Ms. Nichols and Ms. Manierre, traveled to attend defendant Sandoval's deposition in Phoenix, Arizona. The deposition lasted about three hours,

---

[5] Defendants pointed out that plaintiff had neglected to include three charges for computer-aided research in the amount that was reduced by 50%. Doc. 371 at 16 n.1. Plaintiff corrected this mistake and reduced her overall cost request by $273.22. *See* Docs. 372 at 12 n.2, 373 at 2.

was video-taped, and only Ms. Nichols asked questions during the deposition. Ms. Nichols explained at the hearing that Ms. Manierre was present so that she also could assess the witness's answers and demeanor while he testified. The deposition, however, was video-taped. Ms. Manierre could have observed the witness's testimony on the video. I find that Ms. Manierre's presence at the deposition was unnecessary and will not tax costs for her travel expenses. Similarly, Ms. Tenorio's presence was not necessary. Although she traveled to Phoenix for the deposition, Ms. Tenorio only attended a portion of the deposition, demonstrating that her presence was not necessary. Ms. Tenorio also could have watched the deposition on the video tape. If both Ms. Manierre and Ms. Tenorio needed to participate in Mr. Sandoval's deposition in real time, they could have attended telephonically. Instead, they chose to travel to Phoenix to attend in person. Defendants should not be charged for this decision. Travel expenses for both Ms. Manierre and Ms. Tenorio will not be allowed. Accordingly, I will reduce plaintiff's cost bill by $1,373.96 to account for Ms. Manierre and Ms. Tenorio's travel costs to Phoenix.[6]

    3. Mock Trial

Defendants challenge plaintiff's cost for a mock trial. Doc. 371 at 18. Ms. Nichols explained at the hearing that she used the mock trial to test plaintiff's themes and issues, as well as to prepare plaintiff for what to expect at trial. I find that staging a mock trial as practice for the actual trial is unnecessary and excessive. I will reduce plaintiff's cost bill by $1,421.18 for the cost of the mock trial.

---

[6] Because the cost bill did not designate what travel costs were attributable to whom, I added up all the costs that appeared to be related to the travel to Phoenix (*see* Doc. 363-13 at 5−6), which resulted in $2,060.95 total travel costs. I deducted two-thirds of this amount to account for Ms. Manierre and Ms. Tenorio's travel costs.

4. Lodging for Plaintiff's Father and Trial Clothing

Defendants challenge plaintiff's cost for lodging for her father and trial clothing. Doc. 371 at 18. That cost has been redlined by plaintiff's counsel and is a cost plaintiff does not include in her cost bill. Similarly, the cost for trial clothing has been redlined and is not included in the total costs requested by plaintiff. The Court will not include the lodging for plaintiff's father or the cost of trial clothing in its award of costs.

5. Mileage Fees

Defendants challenge plaintiff's request for mileage fees for plaintiff's family members. Three of plaintiff's family members—her father and two brothers—testified at trial. Defendants argue that they all live in the same place and, therefore, only one mileage fee should be allowed. I disagree. Because they were trial witnesses, all three are entitled to a witness fee and mileage from their home in Las Vegas, New Mexico. As plaintiff pointed out at the hearing, they were not required to car pool simply because they live in the same city. The Court will not reduce the cost of the mileage for plaintiff's father and brothers.

6. Jessica Berenson's Fees During the Week of Trial

The defendants do not challenge plaintiff's charge for $1,000.00 for Jessica Berenson's services, but do challenge an additional $400.00 in fees paid during the week of trial. Doc. 371 at 20. Plaintiff explained that the additional $400.00 was a billing error on Ms. Berenson's part. Doc. 372 at 13–14. The defendants accepted that explanation at the hearing, as does the Court. The Court will allow the additional $400.00 payment to Ms. Berenson to be taxed as costs.

7. Other Costs

Other categories of costs challenged by defendants, including Federal Express Shipping, charges listed for Richard Martinez, and a hotel stay for L. Delgado (Doc. 371 at 19), have all

9

been redlined by plaintiff and are no longer contested issues.

After subtracting the travel costs ($1,373.96) and mock trial fees ($1,428.18) not allowed by the Court from the total amount of costs claimed ($20,980.10), the Court will award costs in the amount of $18,177.96.

IT IS THEREFORE ORDERED that plaintiff Estrella Tenorio's Motion for an Award of Attorneys' Fees, Costs, and Expenses (Doc. 363) is GRANTED in part and DENIED in part as follows:   The Court awards plaintiff a total of $450,631.10 in attorneys' fees, and $18,177.96 in costs, for a subtotal of $468,809.06.   The Court also awards gross receipts taxes of $36,918.71 at the rate of 7.875%, for a grand total award of $505,727.77 in attorneys' fees and costs.

_____
Laura Fashing
United States Magistrate Judge
Presiding by Consent